NIPPON DRY GOODS CO. *v.* UNITED STATES (No. 4166)[1]

United States Court of Customs and Patent Appeals, February 5, 1940

*Lawrence & Tuttle* (*Frank L. Lawrence* and *Charles F. Lawrence* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Ralph Folks* and *Joseph F. Donohue*, special attorneys, of counsel), for the United States.

[Oral argument December 11, 1939, by Mr. George R. Tuttle and Mr. Donohue]

---

[1] C. A. D. 100

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

Jackson, Judge, delivered the opinion of the court:

The merchandise involved herein consists of five shipments of silk imported from Japan at the port of San Francisco, four in the months of January, March, and July 1926 and the fifth in June 1927.

When the entries were made there was added to the invoice value in each instance an amount believed to be equal to the Japanese textile tax, commonly known as the Japanese consumption tax, which was considered to be a proper part of the market value of the goods in Japan. Attached to each invoice was what is known as a duress certificate, reading as follows:

CERTIFICATE OF PENDING REAPPRAISEMENT ON JAPANESE-TAX ISSUE

It is certified that the entered value of the merchandise mentioned below is higher than the value as defined in the tariff act of 1922, and that the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending are entries 763862, 861443 and others, at the port of New York.

It is contended that the duty should be assessed on the basis of a value exclusive of the items specified; in other words, that the Japanese textile tax is not a part of dutiable value.

\*         \*         \*         \*         \*         \*         \*

NIPPON DRY GOODS COMPANY,
*Importer.*

The said certificates were made pursuant to section 489, Tariff Act of 1922, the pertinent portion of which is as follows:

\* \* \* Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

At the times of entries article 268 of the Customs Regulations of 1923 was in effect. It reads, so far as pertinent, as follows:

Art. 268. Additions to meet advances by appraiser pending reappraisement.—The importer may at the time of making his entry make additions to meet advances made by the appraiser upon previous importations then pending before the general appraisers upon reappraisement.

An importer making such addition on entry should make his certificate at the time of entry in substantially the following form:

I hereby certify that the entered value of the merchandise mentioned below is higher than the dutiable value and that the goods are so entered in order to

meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending are entries Nos. _____, at the port of _____, reappraisement Nos. _____.

The merchandise was appraised in 1926 and 1927 at its entered value, which included the duress addition, but on appeal for reappraisement the judge sitting therein, in February 1933, held that the dutiable value was the appraised value excluding additions made covering the said tax.

In the month of March 1933, 6 or 7 years after entry of the goods, counsel for appellant tendered to the collector a duress certificate containing other and different numbers of alleged similar pending cases. It had been discovered at that time, it is said, that the numbers on the original certificates did not identify similar pending cases and said counsel sought to have the collector permit him to amend the original certificates by substituting the latter offered certificates. The collector rejected said tender.

Entry of the fifth importation was liquidated in May 1933 on the said appraised value.

In July 1933 the collector denied requests by the appellant to reliquidate certain entries which included that of June 1927, under the provisions of sections 514 and/or 520 of the Tariff Act of 1922, on the ground of clerical error in not citing a correct pending case in the filed certificate.

The collector liquidated the entries on the said four importations in July and August 1933, on the said appraised value.

Appellant then brought suit by filing two protests, one covering said four importations and the other covering the said fifth importation. By agreement the protests were consolidated for trial and were tried together before the United States Customs Court in San Francisco. Subsequently the said court rendered judgment over-ruling the protests on the authority of *Ono Trading Co.* v. *United States*, 23 C. C. P. A. (Customs) 124, T. D. 47991, from which judgment this appeal was taken.

It appears from the record that the only reason why the Collector of Customs did not liquidate the entries on the basis of the reappraised value was that the certificates did not correctly refer to similar cases then pending on appeal for reappraisement, and, as is stated in the brief of appellant, "Therefore the only issue is whether such a defect invalidates the certificates and, if so, whether it may be cured by amendment."

Appellant admits that, in general, this issue has been passed upon by this court adversely to its contentions, in *Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379, *Ono Trading Co.* v. *United States, supra,* and *Basser's Silk Co.* v. *United States*, 23 C. C. P. A. (Customs) 141, T. D. 48008; but appellant claims that

the rule of *stare decisis* does not apply to this case for the alleged·reason that those decisions "seem to have been based upon factual assumptions which we have attempted to show by the present record were erroneous." If the record herein is not sufficient, therefore, to distinguish this case from the above-cited cases, particularly the *Bernstein* case, wherein the issue has already been passed upon by this court, of course the judgment of the trial court must be affirmed.

A great deal of testimony was introduced at the trial intended to prove clerical error. With respect to this portion of the record, it is only necessary to say that the proof fails to show that any clerical error was made. The only evidence at all concerning this subject was that the brokerage company which acted for appellant had been given, prior to entry, certificates containing the correct numbers of cases pending on appeal for reappraisement, and that it had, at that time, the said certificates which contained wrong numbers. There the proof stopped. There was no evidence whatever as to what happened in the broker's office, or to what mistake, if any, the use of the wrong certificates was attributable. The testimony of counsel for appellant, expressing an opinion as to what must have happened, is not sufficient. Therefore, the case of *Yamada* v. *United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628, relied upon by the appellant, has no application here for the reason that the evidence in that case showed how the wrong certificate had been filed and that it had been filed by one acting in a subordinate, clerical capacity. In passing, it may be noted that the identical brokers acted for the appellant in the *Yamada* case, *supra*, as acted for the appellant herein.

Appellant, in attempting to show that the doctrine of *stare decisis* as aforesaid does not apply, depends upon an analysis of the decision in the *Bernstein* case, *supra*, and quotes the following from the opinion therein:

It is apparent that there is no requirement in express words that any pending case shall be specified in the certificate, but we think that such requirement is clearly implied from the language used. Good faith after due diligence and inquiry are required upon the part of the importer as a condition precedent to his receiving the benefit of the section. Under appellant's theory that no similar cases then pending on appeal need be specified it would be almost impossible to administer the section. In our view, Congress could not have intended that a certificate not specifying any similar case pending on appeal for reappraisement would be sufficient. Congress could not have intended to throw the tremendous burden upon collectors of searching the records of the multitude of cases in the United States Customs Court, pending on appeal for reappraisement, to determine if any of them were "similar" to the case in which a "duress" entry is made. There are approximately 50 collection districts in the United States from which appeals to reappraisement are taken. While a collector could, perhaps, easily ascertain what appeals were pending from his own district, and whether any such case on appeal was similar to the case in which the "duress" entry was made, it would be a colossal task for him to make such determination for the entire United States. On the other hand, the importer must know, at

the time of his entry, of cases which are similar to his own, in order to secure the benefits of section 489. This knowledge is clearly required by the section, and we hold that the similar case or cases upon which he relies must be specified in the certificate filed by him. Certainly, this construction of the statute involves no hardship upon the importer. Under appellant's theory, while an importer must know at the time of his "duress" entry of specific cases pending on appeal for reappraisement which are similar to his own, he is entitled to the benefits of the section without disclosing that knowledge in his certificate. It is easily seen that such a construction would make it easy to perpetrate frauds upon the Government. An unscrupulous importer might make a "duress" entry without any information whatever as to any similar pending cases, but hoping that there might be some such, knowing that the collector would be compelled to ascertain the fact of whether there were any such. If similar cases were found by the collector, it would be easy for the importer to say that he had knowledge of the same at the time he made his entry, and it would be difficult for the Government to controvert his statement. Under the construction we give the section this could not occur. The importer must have information concerning a specific case which is similar to his own, pending on appeal to reappraisement, and must specify the case or cases in his certificate, and we are convinced that this was the intention of Congress in using the language we are considering in section 489. We feel clear that this is the proper construction, but even were it doubtful we should come to the same conclusion.

Appellant then states its position as follows:

(a) Appellant's theory does not involve administrative difficulties, or any abnormal burden upon liquidating officers, or any task, "colossal" or otherwise, beyond that of a usual routine character.

(b) Collectors are under no obligation to make country-wide investigation of similar pending cases, for the general practice from time immemorial has been for collectors to require importers to prove affirmatively any facts not in the official record.

(c) Importers may at time of entry know of pending similar cases, and yet not be able to cite them, and the requirement of a citation at that time involves hardship.

(d) The possibility of fraud is negligible, as also is wilful withholding of information at time of entry.

It is clear to us that even assuming everything stated by appellant with respect to its position is true and has been fully proved, it cannot affect the construction heretofore given by this court to section 489, *supra*. The opinion in the aforesaid *Bernstein* case does not depend for its conclusion solely upon the matters set out in the above quotation. The last sentence in the said quotation plainly sets out that even were it doubtful the court should come to the same conclusion as to the construction of the section, and immediately thereafter the court stated:

In *Zinberg* v. *United States*, 16 Ct. Cust. Appls. 268, T. D. 42870, the paragraph of section 489 here involved was considered. In that case this court said:

It will be observed that the provisions in section 489 in question here do not impose duties, charges, or exactions upon importers, but must be construed as a governmental grant of a privilege. Where a privilege is granted by the Government, any doubt in the interpretation or construction of the statute shall be resolved in favor of the Government. * * *

Therefore, as hereinbefore stated, we cannot see how the contentions of appellant—even if they have been proved in the record—can be considered sufficient to justify reversal of the construction given by this court to section 489, *supra*, in the said *Bernstein* case.

Appellant, in its brief, attacks the validity of article 268, Customs Regulations, 1923, *supra*, but we find that this was not urged upon or considered by the trial court, nor does such an issue appear in the assignment of errors or the protests herein. Therefore, the said regulation, held to be clearly valid in the *Bernstein* case, *supra*, must be considered as valid here.

Since, on the record here we find that under section 489, *supra*, an importer in order to gain the benefit contained therein must specify a proper pending case in the duress certificate, and since we hold that article 268, Customs Regulations, 1923, is valid, it necessarily follows that not only was the filed certificate invalid and defective, but it was, in effect, no certificate at all. Therefore it could not be amended.

Here, as in the *Ono Trading Co.* case, *supra*, we find nothing in the law which would make the acceptance of such an amended certificate as was tendered here mandatory upon the collector. The only amendment allowed as a matter of right to the importer is provided for under section 487, Tariff Act of 1922, wherein it is provided that the entry may be amended by addition to or deduction from the cost or value given in the invoice at any time before the said invoice has come under the observation of the appraiser for purposes of appraisement.

We do not deem it proper to prolong unduly this opinion by further discussion. We have examined with care the brief of appellant and the cases cited therein, but we find that under the facts and circumstances of this case the authorities cited are not appropriate to sustain appellant's contentions.

For the reasons above stated we must hold that there was no error in the judgment appealed from and the same is hereby *affirmed*.